## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN  DIVISION
NO: 5:08-CV-00485-FL

| | | |
|---|---|---|
| CAROLE PRICE | ) | |
| Plaintiff | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY | ) | |
| Defendant | ) | |

This matter is before the Court on the parties' cross motions for Judgment on the Pleadings [**DE's 12 & 16**]. The time for the parties to file any responses or replies has expired.  Accordingly, these motions are now ripe for disposition. Pursuant to 42 U.S.C. §§ 405(g)  and 1383(c)(3), the underlying action seeks judicial review of the final decision by the Defendant denying Plaintiff's application for Disability Insurance Benefits ("DIB"). Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for a memorandum and recommendation.   For the reasons set forth herein, the undersigned RECOMMENDS that Plaintiff's Motion for Judgment on the Pleadings [**DE-12**] be GRANTED, the Defendant's Cross-Motion for Judgment on the Pleadings [**DE-16**] be DENIED without prejudice, and the final decision of the Defendant be REVERSED AND REMANDED.

1

## Statement of the Case

Plaintiff applied for DIB on September 20, 2004, alleging that she became unable to work on January 1, 2002, due to a combination of impairments. [Tr. 38-40]. Her application was denied initially and on reconsideration. [Tr. 30-35]. Plaintiff received a hearing on December 4, 2006, before an Administrative Law Judge ("ALJ") who concluded that Plaintiff was not disabled during the relevant time period in a decision dated January 9, 2007. [Tr. 12-21, 187-210]. On July 23, 2008, the Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Defendant. [Tr. 4-5]. Plaintiff filed the instant action on September 24, 2008. [**DE-1**].

## Standard of Review

This Court is authorized to review the Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . .

Id.

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial

evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir.1966). "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether the Defendant's finding that Plaintiff was not disabled is "supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir.1990).

## Analysis

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process which must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).

Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed four of the five steps in the evaluation. First, the ALJ found that Plaintiff is no longer engaged in substantial gainful employment. [Tr. 17]. At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: 1) chronic low back pain; and 2) obesity. [Tr. 25]. In completing step three, however, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526)). [Tr. 17].

The ALJ then proceeded with step four of his analysis and determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work. [Tr. 18, 21]. Specifically, Plaintiff is capable of: 1) lifting ten pounds occasionally and five pounds frequently; and 2) standing and/or walking at least six hours a day in an eight-hour workday. [Tr. 18]. No postural, manipulative, visual, communicative, or environmental limitations were noted. [Tr. 18]. Based on this finding, the ALJ concluded that Plaintiff could perform her past relevant work as a reservations clerk, receptionist, customer service clerk, and telephone operator. [Tr. 20]. The ALJ utilized testimony from a vocational expert in making these conclusions. [Tr. 20-21].

After taking all of aforementioned evidence into account, the ALJ determined that Plaintiff was not under a disability at any time through the date of his decision. [Tr. 21]. However, the ALJ did not cite substantial evidence in making this determination.

## Analysis

4

In Plaintiff's second assignment of error, she asserts that the ALJ erred by failing to consider her "non-severe" impairments in conducting his RFC analysis. **[DE-13, p. 3]**.  In his decision, the ALJ noted that Plaintiff had complaints regarding her hypertension and diabetes. [Tr. 17].  However, he ultimately concluded that because "these conditions do not cause more than a minimal limitation in [Plaintiff's] ability to perform work related activity . . . these are found to be a [sic] non-severe impairments and will not be discussed further in this decision." [Tr. 17].

Under 20 C.F.R. § 404.1545(e), when determining a claimant's RFC, the regulation requires the ALJ to "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe. . . ."  See also, SSR 96-8p, 1996 WL 374184, *5 (S.S.A. 1996) (stating that "in assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'").  In this case, the ALJ specifically noted that he would not discuss Plaintiff's non-severe impairments in the rest of his analysis, which contradicts the explicit mandate of the regulations. [Tr. 17]. The failure of an ALJ to consider all of a claimant's impairments in their RFC analysis constitutes reversible error.  See Jones v. Astrue, 2009 WL 455414, *2 (E.D.N.C. Feb. 23, 2009) (unpublished decision) (stating that "it is not reversible error where an ALJ does not consider whether an impairment is severe at step two of the sequential evaluation *provided the ALJ considers the impairment in subsequent steps*")(emphasis added).

Thus, without a more detailed analysis as to the impact, if any, that Plaintiff's non-severe impairments have on her RFC, this Court is unable to conclude that the ALJ's

decision is supported by substantial evidence. Therefore, it is RECOMMENDED that this case be remanded to allow the ALJ to more fully explain his decision regarding Plaintiff's RFC in accordance with 20 C.F.R. § 404.1545(e).

## Conclusion

For the reasons discussed above, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings **[DE-12]** be GRANTED, and the Defendant's Motion for Judgment on the Pleadings **[DE-17]** be DENIED without prejudice. Specifically, it is RECOMMENDED that the Defendant's final decision be REVERSED AND REMANDED to permit the ALJ to discuss the impact, if any, Plaintiff's non-severe impairments had on her residual functional capacity in accordance with 20 C.F.R. § 404.1545(e).

DONE AND ORDERED in Chambers at Raleigh, North Carolina this 2nd day of July, 2009.

_____
William A. Webb
U.S. Magistrate Judge